JS-6
IERM #1, #2

FILED
CLERK, U.S. DISTRICT COURT
JUL 31 2009
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., <br><br> Petitioner, <br><br> v. <br><br> FILM ENGINE PRODUCTIONS, INC., <br><br> Respondent. | No. CV 09-1081 CBM (RZx) <br><br> ORDER GRANTING PETITIONER'S MOTION FOR ORDER CONFIRMING THE ARBITRATOR'S FINDINGS AND CONCLUSIONS AND FINAL AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH |

The matter before the Court is Petitioner Writers Guild of America, West, Inc. ("Writers Guild") "Motion for Order Confirming the Arbitrator's Findings and Conclusions and Final Award and for Entry of Judgment in Conformity Therewith" ("Motion"). [Doc. Nos. 1-2.]

## JURISDICTION

This Court has jurisdiction pursuant to 29 U.S.C. § 185(a).

## BACKGROUND & PROCEDURAL HISTORY

This action arises out of Film Engine's failure to pay writer Charles Hansen for his services in connection with the motion picture project "Butterfly Effect II." The parties are signatory to, or otherwise bound by, the 2004 Writers Guild of

1

America Theatrical and Television Basic Agreement (the "Agreement"), which is a collective bargaining agreement between the Writers Guild and various theatrical and television employers in the motion picture and television industries.

Pursuant to the Agreement, Writers Guild and Film Engine submitted the dispute to Arbitrator Thomas Christopher (the "Arbitrator"). At the hearing before the Arbitrator, which was held on October 24, 2007, Film Engine was represented by its Business Manager. On March 31, 2008, the Arbitrator signed and issued his Opinion and Award (the "Award"), which ordered Film Engine to pay the following amounts:

| | |
|---|---|
| Minimum Compensation for the Original Treatment | $ 17,474.00 (plus specified interest) |
| Health Fund & Pension Fund Contributions on the Compensation for the Original Treatment | $ 2,533.00 (plus specified interest) |
| Minimum Compensation for the Guaranteed First Draft Screenplay | $ 11,207.00 (plus specified interest) |
| Health Fund & Pension Fund Contributions on the Compensation for the Guaranteed First Draft Screenplay | $ 3,075.00 (plus specified interest) |
| Arbitrator's Fee (50% of $ 3000) | $ 1500.00 |
| **TOTAL** | **$ 35,789.00 (plus interest)** |

On April 8, 2008, Writers Guild made a demand on Film Engine for payment and satisfaction of the Award.

Writers Guild asserts that Film Engine "has failed and/or refused and continues to fail and/or refuses to pay any and all of the sums required by the Award." Without interest, the total amount due and owing is $35,789.00. In addition, Writers Guild requests its attorney's fees in the amount of $1500.00 and costs in the amount of $350.00 (the filing fee for the Motion).

Although Writers Guild has filed a Proof of Service showing that Film Engine was served with the Motion, Film Engine has not filed an opposition or a statement of non-opposition. *See* Local Rule 7-9.

## DISCUSSION

### I. Confirmation of Arbitration

"Arbitration is a matter of contract and a party is bound by an award only if he agreed to submit the issue to arbitration." *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 429 (9th Cir. 1983) (quoting *Int'l Bhd. of Teamsters v. Washington Employers, Inc.*, 557 F.2d 1345, 1347 (9th Cir. 1977)). The court may not review the merits of the award, but rather must limit its inquiry to "whether the award draws its essence from the collective bargaining agreement and does not manifest an infidelity to the agreement." *Desert Palace, Inc. v. Local Joint Executive Bd.*, 679 F.2d 789, 791 (9th Cir. 1982) (internal quotations omitted) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97 (1960)).

In this case, the arbitration was conducted in accordance with the parties' Agreement and it is undisputed that the parties are signatory to and bound by the Agreement. In addition, Film Engine was present at and participated in the arbitration, which is evidenced by the attendance of its Business Manager at the hearing and the Arbitrator's discussion in the Award of the defenses Film Engine raised at the hearing. In issuing the Award, the Arbitrator adhered to and applied the relevant provisions of the Agreement. Further, the Agreement specifically provides that the Award may be confirmed in any court of competent jurisdiction. Thus, the Award clearly "draws its essence" from the Agreement and the Court has authority to enter an order confirming the Award.

### II. Attorneys' Fees and Costs

#### A. Fees

Under the American rule, a prevailing litigant ordinarily may not collect attorneys' fees absent contractual or statutory authorization. *Int'l Union of Petroleum and Indus. Workers*, 707 F.3d at 428. However, a court may assess attorneys' fees "when the losing party has acted in bad faith, vexatiously,

wantonly, or for oppressive reasons." *Int'l Union of Petroleum and Indus. Workers,* 707 F.3d at 428 (citations omitted). The Ninth Circuit has held that a party's unjustifiable refusal to abide by an arbitrator's award "may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Id.*

To calculate an award of reasonable attorneys' fees, courts use the lodestar formulation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), which instructs the court to take the number of hours reasonably expended on the litigation and multiply it by a reasonable hourly rate. In determining the "lodestar figure," courts must consider the *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

In this case, Film Engine has failed to satisfy the Award after submitting to arbitration. Further, Film Engine has not asserted any justification – legal or otherwise – for its failure to comply with the Award. Indeed, although Film Engine was served with the Motion, Film Engine has failed to file any opposition papers. Pursuant to Local Rule 7-12, Film Engine's failure to file an opposition "may be deemed consent to the granting" of the Motion. Accordingly, the Court construes Film Engine's failure to file an opposition as consent to the granting of the Motion. Based on the record before it, the Court finds that attorneys' fees are warranted in this case.

Writers Guild requests attorney's fees in the amount of $1500.00 for the work performed by its in-house counsel Katherine Shannon Christovich in preparing the motion seeking to confirm the Award. In her declaration, Ms.

Christovich attests that she has spent six hours "preparing this declaration, the Motion, travel, and court time." (Christovich Dec. at ¶¶ 13, 16.) Ms. Christovich does not further elaborate on the work performed or itemize each task by hours expended. The Motion and Declaration do not contain novel or particularly difficult issues of fact or law, which suggests that the time and labor required would be minimal. Writers Guild did not have to review any opposition papers filed by Film Engine and the Court eliminated any "court time" when it took the Motion under submission without oral argument. In light of the foregoing, the Court finds that some of the time should be reduced. Accordingly, the Court reduces Ms. Christovich's six hours by 20% to 4.8 hours.

Ms. Christovich also asserts that $250.00 hour is a reasonable rate for an attorney of her background and experience. (*Id.* at ¶ 14.) Ms. Christovich has been practicing law for nearly 15 years (since 1995), and has served as Writers Guild's Associate Counsel for about 6 years (since June 2003). (*Id.* at ¶¶ 4-6.) She states that she arrived at the $250.00 rate by "taking the prevailing hourly billing rate of private attorneys who specialize in labor relations law in Los Angeles and placing [her] value within the lower range of that scale." (*Id.*) Based on her experience and background, the Court finds that the rate listed, $250.00, is reasonable.

Accordingly, the Court awards Writers Guild $1200.00 in attorney's fees.

**B. Costs**

Under Federal Rule of Civil Procedure 54(d), absent an express provision to the contrary in statute or the Federal Rules, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Given the Award, and Film Engine's failure to respond to the Motion, Writers Guild is the prevailing party in this matter.

Additionally, while Rule 54(d) does provide the Court with discretion to deny costs, there appears to be no reason to deny Writers Guild's request to

recover $350.00 in costs. By submitting to arbitration, Film Engine has conceded its obligations under the Agreement and the Award, and has nonetheless failed to pay. Further, Film Engine has not filed an opposition to the Motion, much less offered any justification for its failure to comply with the Award.

## CONCLUSION

Based on the foregoing, the Court GRANTS Petitioner Writers Guild of America, West, Inc.'s Motion for Order Confirming the Arbitrator's Findings and Conclusions and Final Award and for Entry of Judgment in Conformity Therewith, and the arbitration award issued by Arbitrator Thomas Christopher, dated March 31, 2008, is confirmed in all respects. As set forth in the Award, Film Engine is ordered to pay to:

1. Writers Guild on behalf of Charles Hansen minimum compensation for the Original Treatment in the amount of Seventeen Thousand Four-Hundred Seventy-Four Dollars ($17,474.00) plus interest, which began to accrue on June 8, 2005, and continues to accrue at the rate of one and one-half percent (1.5%) per month until the compensation is fully paid;

2. Writers Guild on behalf of Charles Hansen contributions to the Writers' Guild-Industry Health Fund ("Health Fund") and the Producers-Writers Guild of America Pension Plan ("Pension Plan") on the compensation owed to Hansen for the Original Treatment ($17,474.00) in the amount of Two Thousand Five-Hundred Thirty-Three Dollars ($2,533.00), plus interest, which began to accrue on June 8, 2005, and continues to accrue at the rate of .83% per month until the contributions are fully paid;

3. Writers Guild on behalf of Charles Hansen the balance of minimum compensation for the Guaranteed First Draft Screenplay in the amount of Eleven Thousand Two-Hundred Seven Dollars ($11,207.00) plus interest, which began to accrue on September 15, 2005, and continues to accrue at the rate of one and one-half percent (1.5%) per month until the compensation is fully paid;

4. Writers Guild on behalf of Charles Hansen contributions to the Health Fund and Pension Plan on the compensation paid and owed to Hansen for the Guaranteed First Draft Screenplay ($21,207.00) in the amount of Three Thousand Seventy-Five Dollars ($3,075.00), plus interest, which began to accrue on September 15, 2005, and continues to accrue at the rate of .83%

per month until the contributions are fully paid;

5. Writers Guild half of the Arbitrator's fee and travel charges, in the amount of One Thousand, Five Hundred Dollars ($1,500.00);

6. Writers Guild attorneys' fees incurred in this action, the sum of $1200.00; and

7. Writers Guild costs incurred in this action, the sum of $350.00.

IT IS SO ORDERED.

DATED: July 30, 2009         By _____
                                CONSUELO B. MARSHALL
                                UNITED STATES DISTRICT JUDGE